### FISHER *vs.* SALMON.

A *deed*, purporting to convey real estate, executed by an agent or attorney in his own name, instead of the name of his principal, is not binding upon the latter, and does not transfer the title to the property. *Per* HASTINGS, Ch. J.

An agent, authorized by power of attorney to wind up and adjust the affairs of a mercantile house in the city of New York, which had been conducted in the name of his principal, derives no authority from such power of attorney to bind his principal by a promissory note given on the purchase of real estate in the city of San Francisco. *Per* HASTINGS, Ch. J.

Where a promissory note was given on the sale of real estate, and the vendor had neither title, nor color of title, nor possession; *Held,* that as between the original parties, the consideration might be inquired into, and that, there being no consideration, the payee could not recover as against the maker; and, *held,* further, that the defendant, who had, as a part of the original transaction, and without consideration, guaranteed the payment of the note, was not liable to pay the same.

APPEAL from the superior court of the city of San Francisco. The facts are stated in the opinion of the court.

*Nathaniel Holland,* for plaintiff.

*John Chetwood,* for defendant.

*By the Court,* HASTINGS, Ch. J. This was an action on a guaranty of the appellant Salmon of the note of Katherine Salmon, drawn in favor of respondent for the sum of $24,000, dated November 2, A.D. 1849, and payable, one half in six months, and the balance in twelve months. Both the note and guaranty are between the original parties. The evidence discloses that the respondent was the attorney in fact of the non-resident heirs of one James Scott, deceased, and that the appellant was the attorney of Katherine Salmon, a resident of France, acting under a power of attorney, authorizing her attorney to settle certain mercantile business, and not giving him authority to make investments in real estate, or to do anything other than to wind up and adjust the affairs of a mercantile house in the city of

New York, which had been conducted in the name of Katherine Salmon. The consideration of the note was a deed of conveyance of certain lots in the city of San Francisco, executed by the respondent in his own name, representing that he was the attorney and agent of certain heirs, and was executed under his hand and seal, and not in the name of the principals. It is not necessary to cite authorities to show that such a deed is a nullity as to the principals of the agent Fisher, and the most that could be made of it, would be a mere contract on his part to procure a conveyance, but even as a contract it is not binding in law upon the principals.

It is equally clear that, as to Katherine Salmon, the note is also a nullity, her agent having no authority to execute such a note, so that, as between the principals respectively represented by the parties to this suit, the whole transaction was and is void. The contract, then, not being of any validity as against the heirs of Scott, nor as to Katherine Salmon, it results that the question of the liability of the agents of these parties, is to be investigated. Fisher was not the owner of the lots, did not bind the owners to convey, and could not convey in his own name, but Salmon guaranteed the payment of the note. The consideration of this guaranty was in substance the conveyance of the lots, which being invalid and void, it follows that there was not a good and sufficient consideration. But it appears that even the heirs have no title. They claim under deeds executed by an American Alcalde in 1847, when the United States were at war with Mexico. Such grants have been holden to be nullities by this court. (*See Woodworth* v. *Fulton et al., ante, p.* 295.) The heirs were not in possession, and at the time of the contract of sale to Katherine Salmon, the property was unimproved, and in a wild and uncultivated state. There was then no valid consideration for the guaranty, and it is unnecessary to summon the authorities cited on the argument in support of the principle, that under the circumstances of this case, the consideration may be inquired into, and that the note and guaranty, for reasons above stated, are void.

The judgment is, therefore, reversed.