[No. 9127. Department One. — November 19, 1885.]

GEORGE WYRICK ET AL., APPELLANTS, *v.* FRANK A. WECK ET AL., RESPONDENTS.

TRUST — BONA FIDE PURCHASER — BURDEN OF PROOF. — In an action to declare a trust, and compel a conveyance of the trust property to the beneficiaries, the complaint alleged that the defendants held the legal title by conveyance from the original trustee, and that they took with knowledge of the plaintiffs' equities. At the time of the purchase by the defendants, there was nothing of record to put them on inquiry as to the rights of the plaintiffs. *Held*, that the burden of proving notice to the defendants was upon the plaintiffs.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts sufficiently appear in the head-note and opinion of the court.

*Moore, Laine, & Johnston,* for Appellants, cited Code Civ. Proc., sec. 1981; *Boone* v. *Chiles*, 10 Pet. 210; *Eversdon* v. *Mayhew*, 65 Cal. 167; 2 Pomeroy's Eq. Jur., sec. 784, and note; *Galatin* v. *Erwin*, Hopk. Ch. 48; *Landers* v. *Bolton*, 26 Cal. 393, 419; *Long* v. *Dollerhide*, 24 Cal. 218; *Isenhoot* v. *Chamberlain*, 59 Cal. 630; *Galatine* v. *Cunning-*

*ham,* 8 Cow. 374, 381; *Woodruff* v. *Cook,* 2 Edw. Ch. 264; *Scudder* v. *Van Amburg,* 4 Edw. Ch. 30; *Frost* v. *Beckman,* 1 Johns. Ch. 302.

*J. J. De Haven, James Hanna,* and *M. M. Tirtlot,* for Respondents, cited 2 Lead. Cas. Eq. 86, 88.

Ross, J.—The complaint charges in substance that in the year 1858 Jacob Wyrick located the land in controversy under the state laws, and received therefor a certificate of purchase; that he subsequently died, leaving surviving him his widow and certain children, who are plaintiffs in this action; that subsequently the widow attempted to sell and assign the certificate of purchase to one Devenish, who, by means of the pretended assignment and payment of the balance of the purchase-money, procured a patent from the state conveying to him the said land, and that the title thus conveyed to Devenish was taken by him in trust for the heirs of Wyrick. The complaint then alleges that subsequently Devenish "sold, and by his deed of that date [January 28, 1870], by him signed, sealed, acknowledged, and delivered, granted and conveyed, to Frank A. Weck, one of the defendants herein, the whole of the south half of the southwest quarter, etc.; and plaintiffs allege upon their information and belief that the said Weck, at the time he purchased said land and took said conveyance, did so with full knowledge and notice of all the facts herein alleged, and particularly with notice that the said land had been located by Jacob Wyrick, and that he had received (after the payment of the twenty per cent of the purchase-money and one year's interest in advance) the state certificate of purchase, and that said Wyrick died at the time hereinbefore alleged, leaving him surviving his said wife and children, the plaintiffs herein, as his sole heirs at law." Similar allegations in respect to notice are made as to the other defendants, all of which were fully denied by the defendants.

On the trial, the plaintiffs proved the location of the land by Jacob Wyrick; the issuance of the certificate of purchase to him, his subsequent death, leaving the plaintiffs his heirs at law; that the widow subsequently executed a pretended assignment of all her interest in the certificate of purchase to Devenish, who, upon the certificate so assigned, and payment of the balance of the purchase-money, obtained a patent from the state, conveying to him, in his individual name, the premises in dispute. And then the plaintiffs rested, without any proof of the allegations of the complaint in respect to notice on the part of defendants of plaintiffs' equities. The court below gave judgment of nonsuit, which is here claimed to have been error.

It is said that the defense of a *bona fide* purchaser without notice is in the nature of new matter, the burden of proving which is upon the defendant. Ordinarily, this is so. But here the plaintiffs allege that the defendants hold the legal title to the property, derived through the deed from Devenish, the patentee, and to charge them with the trust, expressly allege that at the time of their purchase they took with notice of the plaintiffs' equities. The proof on the part of plaintiffs was devoid of any fact tending to show notice on the part of defendants of plaintiffs' rights. There was nothing of record to put them on inquiry. The patent upon its face showed that the land was granted to Devenish, from whom defendants purchased, as is expressly charged in the complaint. If there were matters *in pais* tending to show notice of plaintiffs' rights at the time of such purchase, as is also charged in the complaint, it was necessary for the plaintiffs to make the proof; for without such proof the title must remain where plaintiffs have alleged it to be,—in defendants. (Code Civ. Proc., sec. 1981.)

Judgment affirmed.

MCKINSTRY, J., and MCKEE, J., concurred.