. [S. F. No. 2940.  Department One.—November 19, 1904.]

## TERESA BELL, Appellant, v. MARY E. PLEASANT et al., Respondents.

Action to Cancel Deeds—Unrecorded Deed to Plaintiff—Record of Subsequent Deeds under Grantor—Bona Fide Purchase—Burden of Proof—Finding against Evidence.—In an action to cancel deeds, where the plaintiff asserts title under a prior unrecorded deed, and the defendants claim under recorded deeds resting upon a subsequent recorded deed from plaintiff's grantor, under which the grantee took no title as such, the burden of proof is upon each of the defendants not only to show that his conveyance was executed and recorded, but also to show that he was a *bona fide* purchaser for value, without notice of plaintiff's rights under his prior deed; and in the absence of proof by the defendants that they took without such notice, a finding to that effect is against the evidence.

Id.—Averments of Complaint—Anticipation of Defense—Burden of Proof not Changed.—The fact that the complaint unnecessarily anticipated a possible defense, and alleged that the second grantee and each of his successors, including the last grantee, took their

respective deeds with knowledge of the fact that the land was the property of the plaintiff, which was denied by the answer, does not require the plaintiff to prove such averments or change the burden of proof from the defendants to show that they were *bona fide* purchasers for value without notice. Mere proof of value does not change the burden from the defendants in such case.

ID.—CASE OVERRULED.—The case of *Smith* v. *Yule*, 31 Cal. 184, upon the subject of the burden of proof under an unrecorded deed, must be deemed overruled.

ID.—CASES DISTINGUISHED—EQUITABLE TITLE—POSITION OF LEGAL TITLE—PRESUMPTION.—Cases relative to the burden of proof upon a plaintiff who rests upon an equitable title or right, to show notice of his equity to a subsequent grantee of the legal title for value, have no application to a case where the legal title is in the plaintiff, and his grantor has no title left to convey, and the defendants must show a change of legal condition, which cannot be presumed in favor of a second grantee from plaintiff's grantor.

ID.—PRIOR TRUST-DEED AS SECURITY.—The fact that prior to plaintiff's title the technical title was in trustees under a trust-deed to secure a debt, which was kept in force by renewals of the debt, is not material to the respective rights of the plaintiff and defendants, all of whose claims to ownership are alike subject to the trust.

ID.—EVIDENCE—INTENTION OF SECOND GRANT AS MORTGAGE—REBUTTAL OF CLAIM—DECLARATIONS OF GRANTOR.—Where the plaintiff claimed that the deed from plaintiff's grantor to the second grantee was intended as a mortgage to secure a debt, and conveyed no title, the declarations of the grantor to the plaintiff at and subsequent to the conveyance were admissible in favor of the defendant grantees, with respect to that particular question, to rebut such claim.

ID.—COSTS—TRANSCRIPTION OF TESTIMONY UNDER ORDER OF COURT.— Where the transcript of the testimony was written up under a previous order of the court, directing that the expense should be borne equally by both sides, the prevailing party is entitled to include the amount paid by him for such expense as part of the costs in the case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, and T. Z. Blakeman, for Appellant.

Edmund Tauszky, and Wallace A. Wise, for Lucius Solomons, Harry Block, Benjamin Harris, and Leo Block, Respondents.

Black & Leaming, for Assignee of Mary E. Pleasant, an Insolvent Debtor, Respondent.

SHAW, J.—This is an action by the plaintiff against the defendants to cancel a deed executed by the defendant Mary E. Pleasant to the defendant Solomons on February 4, 1897, and certain other deeds thereafter executed by the defendant Solomons and his successors whereby the title acquired by Solomons was vested in the defendant Leo Block. The defendants appeared and answered, and after trial findings were made in favor of the defendants and judgment was entered accordingly. The plaintiff appeals from the judgment and from an order denying her motion for a new trial.

The complaint in substance alleges that prior to September 27, 1891, the defendant Mary E. Pleasant held the legal title to the property as trustee for the use and benefit of the plaintiff; that on that day she executed a deed to the plaintiff conveying to her the property in question, but that said deed had never been recorded; that afterwards, on February 4, 1897, with the intention to cheat and defraud the plaintiff, the said Mary E. Pleasant executed another deed purporting to convey the same property to the defendant Solomons, which deed was duly recorded, and that subsequently, by mesne conveyances, the title acquired by Solomons under said deed became vested in the defendant Leo Block. It is further alleged that the defendant Solomons and each of his successors, including the defendant Leo Block, took their respective deeds with knowledge of the fact that the land was the property of plaintiff. The court found that Solomons and each of his grantees took their respective conveyances without any notice, knowledge, or information whatever, as to the claim, right, title, or interest of the plaintiff. It is contended by the plaintiff that this finding is not supported by the evidence.

It is not seriously contended by the defendants that there is any affirmative evidence to the effect that they, or either of them, received their respective deeds without notice of the rights of the plaintiff, and upon an examination of the evidence we find nothing in support of such finding. The claim of the defendants is, that the burden of proof to show notice

of plaintiff's right on the part of Solomons and his successive grantees rests on the plaintiff, and that, in the absence of evidence on the subject, the court necessarily made the finding that they took without such notice. In this we think the defendants are mistaken and the court erred. It has been repeatedly decided by this court that where one holding under an unrecorded deed brings an action involving the respective titles to the land against a subsequent grantee under a deed which is first recorded, the first grantee will prevail, unless the second grantee not only shows the making and recording of his deed, but also that he made his purchase and paid the price in good faith, and without knowledge of the rights of the previous grantee. The question depends on the effect of the rule embodied in sections 1214 and 1217 of the Civil Code, which are as follows: "1214. Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action. . . . 1217. An unrecorded instrument is valid as between the parties thereto and those who have notice thereof." The first case on the subject is *Long* v. *Dollarhide,* 24 Cal. 218, which was decided before the enactment of the code. It is there held that where a subsequent buyer whose deed is recorded claims title against a previous grantee under an unrecorded deed, the burden is upon the subsequent buyer to prove that he "is a purchaser in good faith and for a valuable consideration." The rule was laid down thus in *Eversdon* v. *Mayhew,* 65 Cal. 167: "To entitle a party to protection as such a purchaser, he must aver and prove the possession of his grantor, the purchase of the premises, the payment of the purchase money in good faith, and without notice, actual or constructive, prior to and down to the time of its payment." The same doctrine has been approved and followed by this court in the following cases: *Landers* v. *Bolton,* 26 Cal. 419; *Isenhoot* v. *Chamberlain,* 59 Cal. 639; *Wilhoit* v. *Lyons,* 98 Cal. 413; *County Bank of San Luis Obispo* v. *Fox,* 119 Cal. 64; *Beattie* v. *Crewdson,* 124 Cal. 579; *Alcorn* v. *Buschke,* 133 Cal. 658; *Kenniff* v.

*Caulfield,* 140 Cal. 45; *California C. F. Assn.* v. *Stelling,* 141 Cal. 719. It also prevails in the United States courts. (*Boone* v. *Chiles,* 35 U. S. (10 Pet.) 211.) In view of these numerous decisions it must be conceded that the rule contended for by the plaintiff is firmly established, notwithstanding one or two cases which seem to state the opposite rule. In *Fair* v. *Stevenot,* 29 Cal. 487, the opinion seems to be written upon the assumption that the burden in such cases was on the claimant under the prior unrecorded deed to show notice of his right to the second grantee, but there is nothing in the decision upon that exact point, and it cannot be taken as a statement of the doctrine. In *Smith* v. *Yule,* 31 Cal. 184,[1] it is said that notice, either actual or constructive, to the second grantee must be clearly shown before the claimant under an unrecorded deed can prevail against a subsequent grantee for a valuable consideration. The ground of this position, as stated, is, that if a second grantee, knowing of the previous conveyance, should nevertheless purchase the property and attempt to assert title thereto, such conduct would constitute fraud on his part, and that the case comes under the rule that fraud is never presumed, but must always be proven. This is the only case which states the rule contrary to the numerous decisions above cited, and it must be considered as overruled. There is a line of cases which the defendants contend establish a contrary rule, but upon examination it will be seen that there is a clear distinction between them and the case at bar. Thus it has been invariably held that in a suit by a beneficiary to enforce a resulting or constructive trust against a grantee of the trustee, in cases where the trustee held under a deed purporting to convey the legal title, without terms indicating the trust, it was incumbent upon plaintiff not only to prove the facts establishing a trust, but also to prove that the grantee of the trustee took his conveyance with notice of the equities of the plaintiff. In *Wyrick* v. *Weck,* 68 Cal. 8, which was a case of this character, the court said: "It is said that the defense of a *bona fide* purchaser without notice is in the nature of new matter, the burden of proving which is upon the defendant. Ordinarily this is so." And the court proceeds to show that in that particular kind of cases the rule is different. The same

---

[1] 89 Am. Dec. 167.

proposition is stated and the distinction noted in *Tillaux* v. *Tillaux,* 115 Cal. 674, and in *Warnock* v. *Harlow,* 96 Cal. 298. This principle is also applied in cases of suits by a purchaser under a judgment and execution sale against a grantee of the judgment debtor, where the plaintiff claims that the conveyance by the debtor to the grantee was fraudulent and void as against creditors. (*Casey* v. *Leggett,* 125 Cal. 666.) In such cases the burden is on the creditor to prove the fraudulent intent of the debtor in executing the deed. If thereupon the grantee proves that he paid a valuable consideration, the burden is then imposed on the creditor to prove notice of such fraudulent intent to the grantee at the time of his purchase, or before payment of the price. The underlying reason for this rule in these cases is, that as the debtor or trustee, as the case may be, holds the legal title at the time of the conveyance, the legal effect of his deed is to convey that title to his grantee, and thus there is established a legal condition which inures to the benefit of the grantee and cannot be changed in equity, except by proof of circumstances to show a superior equity in the party who disputes it. Equity follows the law, and a legal condition or *status* being once established, the burden of proof of facts necessary in equity to change the *status* is upon him who asserts the equitable right. A similar proposition was involved in *Garber* v. *Gianella,* 98 Cal. 527, and the same rule was applied. In *Wyrick* v. *Weck,* 68 Cal. 8, it is said: "If there were matters *in pais* tending to show notice of plaintiff's rights at the time of such purchase . . . it was necessary for the plaintiff to make the proofs; for without such proof the title must remain where plaintiffs have alleged it to be—in defendants." And in *Casey* v. *Leggett,* 125 Cal. 666, it was said concerning the deed by the debtor to his grantee, "the deed having been made for a valuable consideration and delivered to the grantee, the law presumes that the grantee rightfully acquired a title to the property." In the case at bar and other similar cases, however, the conditions are precisely the reverse and the principle operates against the defendant. A subsequent deed by the grantor to another person does not of its own force convey any title, for the grantor, having previously parted with his title, has left in himself nothing to convey and his deed alone can therefore convey

nothing. It can only be effective, as against the first grantee, when supplemented by proof that it was first recorded, and that the grantee therein named purchased for value and without notice of the prior deed, or of the rights of the first grantee. This, also, is an attempt to change a legal condition; the necessary facts cannot be presumed in favor of the second grantee, and hence the burden is on him to make the supplementary proof. The case of *Hart* v. *Church,* 126 Cal. 480,[1] is cited by the defendants in support of their contention on this point. In that case it was held that a purchaser of a negotiable instrument, having shown that he bought it for a valuable consideration before maturity, the plaintiff, in an action against him to cancel the note on account of fraud in procuring its execution, must prove that the purchaser, at the time he bought, had notice of the fraud. The same proposition is decided in *Jordan* v. *Grover,* 99 Cal. 194; *Eames* v. *Crosier,* 101 Cal. 263; and *Sinkler* v. *Siljan,* 136 Cal. 356. These cases, however, manifestly rest upon the same ground as *Casey* v. *Leggett,* 125 Cal. 666; *Wyrick* v. *Weck,* 68 Cal. 8, and similar cases above cited. The indorsement carries the legal title to the note and vests it in the indorsee, and if it is shown by him that he bought for a valuable consideration before maturity, his legal title cannot be divested nor his right to recover defeated, without the proof which shows his purchase to have been fraudulent— namely, that he had notice of the lack of consideration or of the fraud, or other defense of the maker. They, in fact, apply the same principle as the many decisions above cited holding that in a suit between a prior grantee under an unrecorded deed and a second grantee whose deed is first recorded the burden is upon the second grantee to prove that he purchased without notice of the other's rights and for a valuable consideration. It follows that, in the absence of any evidence on the subject, the finding should have been in favor of plaintiff on this point.

Defendants claim that plaintiff must prove that defendants had notice because it is one of the facts alleged in her complaint and denied in the answer. This, however, is not the test. The plaintiff was obliged to prove only those facts which were necessary to constitute her cause of action. If

---

[1] 77 Am. St. Rep. 125.

she has alleged some fact not necessary to her case, but which is in effect a traverse of some fact which might have been alleged in defense to her action, and the defendant denies such allegation, this does not change the burden of proof, nor require the plaintiff to introduce any evidence upon that subject, until the defendant has produced evidence thereon which makes rebuttal evidence on her part necessary. She is not obliged thus to anticipate a possible defense.

The court found that at the time of the execution of the deed by Mary E. Pleasant to Solomons the plaintiff was the owner of the property. Hence the further finding that the deed to Solomons and his deed to his successors in interest were executed for a valuable consideration was not alone sufficient to defeat the title of the plaintiff and authorize a judgment for the defendants. It required the aid of the other finding, that Solomons or some one of the successive grantees under him took without notice of plaintiff's rights. As this latter finding is not sustained by the evidence, it follows that a new trial should have been granted.

We do not consider as important the facts which are undisputed that ever since the year 1883 the technical legal title to the premises has been vested in certain trustees to secure an outstanding debt of fifteen thousand dollars to the Savings and Loan Society, and that this trust has been kept in force by renewals from time to time. Since 1891 the plaintiff has been the owner of the property subject to the trust, and the rules we have been considering are as much applicable to her estate therein as they would be if the trust deed had not existed. None of the defendants claim any rights under the trust, but all rights of both plaintiff and defendants are alike subject thereto.

The plaintiff asserts that the court erred in admitting in evidence certain declarations of Mary E. Pleasant to the plaintiff at and subsequent to the execution of the deed from Pleasant to Solomons. The plaintiff's point is, that at the time the plaintiff was the owner of the property in controversy Mary E. Pleasant occupied the position of a previous owner, and that the declarations of a previous owner affecting title to the property, made after such owner has parted with the title, and not in the presence of the grantee, are not admissible against a grantee. There can be no dispute con-

cerning the correctness of this rule, but we do not think it is applicable in this particular instance. The defendants claimed title as innocent purchasers for a valuable consideration under a subsequent deed from the plaintiff's grantor. The plaintiff claimed that the deed from Mary E. Pleasant to Solomons, under which the defendants claimed, was in legal effect a mere mortgage to secure a debt, and hence that it did not convey any title whatever. The defendants were therefore required to meet both propositions; first, they had a right to show that Solomons, or any of his successors, was a purchaser for a valuable consideration without notice of the plaintiff's rights; and secondly, they had to meet the contention that the deed under which they claimed did not convey the legal title, but was in effect a mortgage. On the latter proposition it was competent to show the declarations made by Mary E. Pleasant at the time of the transaction and subsequent thereto with respect to that particular question. As we understand the record, these declarations were admitted solely for that purpose.

Plaintiff further alleges that the court erred in denying her motion to strike from the cost-bill the item of $122.50 for one half of the cost of transcribing the testimony. The item was properly allowed. Before the transcript was written up the court made an order that it should be done, the expense to be borne equally by both sides. Upon the making of this order, the prevailing party, having paid one half of the cost of writing up the testimony, was entitled to have it included in the cost-bill and allowed as part of the costs of the case. (*Barkly* v. *Copeland,* 86 Cal. 493.) If the judgment and order had been affirmed upon this appeal, this item of cost would remain as a part of the costs properly chargeable against the plaintiff. It is necessary, however, to reverse the order denying a motion for a new trial, and the effect is, that this item of costs is again set at large to be determined by the court upon a subsequent trial of the case.

The judgment and order are reversed and the cause remanded for a new trial.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.