[Sac. No. 1942. Department Two.—September 26, 1912.]

In the Matter of the Estate of MARTHA E. LYON, Deceased. J. J. RAUER, Appellant.

WILL—DEVISE SUBJECT TO SECRET TRUST—ENFORCEMENT OF TRUST IN EQUITY.—Where a direct devise or bequest is made subject to a secret trust, equity will in proper cases enforce the trust in favor of the beneficiary against the recalcitrant trustee who repudiates the trust and seeks to retain the devise or legacy for himself.

ID.—BONA FIDE PURCHASER TAKES PROPERTY FREED FROM TRUST.—If the faithless trustee has parted with the property and it has been acquired by an innocent purchaser for value without notice, equity can and will no longer follow the property to impress it with the trust, but will leave the beneficiary to his personal remedy against the trustee.

ID.—ACTION TO ENFORCE TRUST—NOTICE OF EQUITIES—BURDEN OF PROOF.—Where such a trust is sought to be established against one who has taken the legal title without anything of record to disclose the trust, the plaintiff must not only prove the facts establishing the trust, but prove that the grantee of the trustee took the conveyance with notice of the equities of the plaintiff.

ID.—MORTGAGEE MAY BE BONA FIDE PURCHASER—PURCHASER AT MORTGAGE SALE.—Under section 856 of the Civil Code, a mortgagee of such a trustee comes within the rule protecting a bona fide purchaser for value, and the same protection is extended to the purchaser at a sale under a power given in the mortgage.

ID.—DISTRIBUTION OF PROPERTY SUBJECT TO MORTGAGE.—Property of an estate which is distributed to the successor in interest of a devisee is subject to any valid lien by way of mortgage created thereon by the devisee. The decree of distribution, however, should not attempt to determine the rights of the mortgagee as against the distributee.

APPEAL from a decree of the Superior Court of Sacramento County distributing the estate of a deceased person. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Louis P. Boardman, for Appellant.

A. A. Deligne, Deligne & Jones, A. M. Seymour, Seymour & Yell, and Archibald Yell, for Respondents.

HENSHAW, J.—This is an appeal by J. J. Rauer from the decree of distribution in the matter of the estate of Martha E. Lyon, deceased. By her will, which was admitted to probate, Martha E. Lyon devised and bequeathed her property, real and personal, one-third each to Frank D. Willey, her nephew, W. H. H. Willey, her brother, and Dr. P. R. Watts. F. D. Willey and Watts were appointed executors without bonds. By deed of date January 11, 1907, Watts conveyed all his interest in the estate to Frank D. Willey. On August 2, 1907, Frank D. Willey, as devisee and as assignee and grantee of Watts, executed a mortgage to the Market Street Bank of all his interest in the estate, which then (subject to administration) consisted of an undivided two-thirds thereof. This mortgage was given to secure the payment of Willey's promissory note for seventeen hundred dollars, of even date with the mortgage, and also to secure the payment of all other indebtedness due by Willey to the bank, which in amount exceeded four thousand dollars. The mortgage contained the power of sale in case of default in the payment of the indebtedness. This mortgage was recorded upon August 6, 1907, and upon August 20, 1907, notice of the mortgage and of its recordation was filed with the court in probate in the matter of the Lyon estate. By assignment dated February 20, 1909, and recorded September 13, 1909, this mortgage, with all the indebtedness secured thereby, was transferred to appellant Rauer. He in turn assigned to one Casner upon September 8, 1909, the assignment having been recorded on September 13, 1909. The assignee Casner executed the power of sale in accordance with the terms of the mortgage, and caused the property to be sold at public auction on November 29, 1909. Rauer purchased at the sale and the deed of the property was made to him accordingly. Such is Rauer's title to the distributive portion of Frank D. Willey.

On July 10, 1907, Frank D. Willey executed to the C. W. Clark Company, a corporation, a deed or assignment of all his interest in the estate of the deceased, described as being an undivided two-thirds interest in the real and personal property belonging to the deceased, but this deed was not recorded until August 31, 1907, and it further appears that while it was in form a deed, it was in fact a mortgage given to secure the payment of all sums due from Willey to the Clark Com-

pany, according to the terms and tenor of five promissory notes, exceeding in amount sixteen thousand dollars. The C. W. Clark Company and J. J. Rauer filed separate petitions for distribution, each claiming the right to a decree distributing the two-thirds interest of Frank D. Willey. Thereafter W. H. H. Willey, the devisee of the remaining one-third interest under the will, filed his petition for distribution of the estate and for the appointment of trustees. In this petition he averred that he was the sole equitable owner of all and entitled to all the estate of the deceased; that the devise to Frank D. Willey of one-third and the devise to P. R. Watts of another one-third of the estate, were each and both made to them in trust for him. He therefore petitioned, both being dead, that the court appoint trustees to take and hold these thirds for his use and benefit in accordance with the terms of the trust, which terms it is unnecessary to specify.

The court received parol evidence touching the nature and existence of the trust, but, without declaring its nature, found simply ''that under the will of said decedent and the trust attached to said will, one-half of the property of said deceased was to go to W. H. H. Willey and one-half thereof to Frank D. Willey.'' It therefore decreed distribution of one-half of the property to W. H. H. Willey, and the other moiety to J. J. Rauer ''subject, however, to any rights which C. W. Clark Company may have by reason of any mortgages held by it on said property given by Frank D. Willey.''

From this decree Rauer alone appeals.

The effect of the decree is to recognize the title acquired by Rauer through the foreclosure sale under the mortgage to the Market Street Bank, but to deprive him of one-fourth of the title which he took under the sale because of the secret trust in the Watts's interest in favor of W. H. H. Willey, Such a secret trust in proper cases will be enforced in favor of the beneficiary against the recalcitrant trustee who repudiates the trust and seeks to retain the devise or legacy for himself. (*De Laurencel* v. *De Boom,* 48 Cal. 581; *Curdy* v. *Berton,* 79 Cal. 420, [12 Am. St. Rep. 157, 5 L. R. A. 189, 21 Pac. 858]; *Will of O'Hara,* 95 N. Y. 403, [47 Am. Rep. 53].) But where the faithless trustee has parted with the property and the property has been acquired by an innocent purchaser for value without notice, equity can and will no .

longer follow the property to impress it with the trust, but will leave the beneficiary to his personal remedy against the trustee. The Civil Code declares that every one to whom property is transferred in violation of a trust holds the same as an involuntary trustee under such trust, unless he purchases it in good faith, and for a valuable consideration. (Civ. Code, sec. 2243.) And further, that no implied or resulting trust can prejudice the rights of a purchaser or encumbrancer of real property for value and without notice of the trust. (Civ. Code, sec. 856; *Tripp* v. *Duane,* 74 Cal. 91, [15 Pac. 439]; *Marshall* v. *Farmers' Bank,* 115 Cal. 334, [42 Pac. 418, 47 Pac. 52].) W. H. H. Willey does not plead or attempt to show that the Market Street Bank was not an encumbrancer for value and without notice. It is beyond controversy that where such a trust as this is sought to be established against one who has taken the legal title without anything of record to disclose the trust, the plaintiff must not only prove the facts establishing the trust, but prove that the grantee of the trustee took the conveyance with notice of the equities of the plaintiff. (*Long* v. *Dollarhide,* 24 Cal. 218; *Eversdon* v. *Mayhew,* 65 Cal. 167, [3 Pac. 641].) It is of course not in dispute (since such is the declaration of section 856 of the Civil Code) that mortgagees come within the rule of purchasers for value and are protected in the same manner. (*Chapman* v. *Hughes,* 134 Cal. 658, [58 Pac. 298, 60 Pac. 974, 66 Pac. 982].) As the mortgagee was thus an encumbrancer for value, it is equally beyond controversy that to the purchaser at mortgage sale is extended the same protection. Otherwise the absurdity would result that the mortgagee would have to buy at his own sale (since any other purchaser with notice would not be protected), but the mortgagee so buying would be able then to convey title free from the trust.

It follows, therefore, as to the respondent W. H. H. Willey, whatever may have been the nature of the hidden trust, appellant Rauer acquired title freed from it.

Complaint is justly made of the decree distributing the property of the estate to Rauer "subject however to any rights which C. W. Clark Company may have by reason of any mortgages held by it on said property, given by Frank D. Willey." The Clark Company came into court seeking

distribution to them as grantees of Frank D. Willey under a deed absolute in form. It was established that its claim was false, that its purported deed was simply a mortgage, and that it had given a defeasance establishing the mortgage, which defeasance was produced at the hearing. It may be said that the decree which distributes the property to Rauer, subject to any right which the Clark Company "may have" is without meaning or efficacy, since unquestionably, if the Clark Company had any right by way of mortgage, the decree would as matter of law be subject to it. But as a declaration, seemingly in recognition of the Clark Company's rights, the language has no place in the decree.

The decree appealed from is therefore reversed and the cause remanded for further proceedings in accordance herewith.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.