[L. A. No. 3591.   Department Two.—October 14, 1916.]

HENRY I. KOWALSKY, Appellant, v. O. B. KIMBERLIN et al., Defendants; JOHN W. BARLOW, Respondent.

BONA FIDE PURCHASER—RESULTING OR CONSTRUCTIVE TRUST—NOTICE OF TRUST—BURDEN OF PROOF.—As against a *bona fide* purchaser for value, one claiming an interest in land by virtue of a resulting or constructive trust has the burden of proof to show due and sufficient notice to the purchaser of matters outside the record title tending to establish the trust.

ID.—INSUFFICIENT NOTICE—MERE ASSERTION OF OWNERSHIP.—Notice of such a trust cannot be imputed to such purchaser from the owner of the record title, by the receipt by him, before the sale was consummated, of a telegram containing the bald assertion that the sender *owned* an interest in the land.

ID.—NOTICE MUST BE PRECISE.—Notice, in order that it may be effectual, should be precise and complete enough to put the purchaser upon his guard.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahan, Judge.

The facts are stated in the opinion of the court.

F. E. Borton, for Appellant.

Lucien Gray, for Respondent.

MELVIN, J.—Appeal from a judgment in favor of defendant Barlow.

Plaintiff sued to quiet his title to a half interest in section 5, township 26 south, range 26 east, Mount Diablo base and meridian, in Kern County. According to the allegations of the amended complaint this half interest was acquired in 1888, when Henry I. Kowalsky furnished one-half of the purchase price to his brother, Joseph N. Kowalsky, who bought the land from the Southern Pacific Company, the grantee of the United States government.  Joseph took the title in his own name and held it until 1910 when he sold and deeded the property to respondent, John W. Barlow.  The contention of the plaintiff at the trial in the superior court, and upon appeal, was that the property was impressed with a trust in his favor and that respondent had full notice thereof when the legal title passed to him from Joseph N. Kowalsky.

It was not denied that the legal title was and had been for many years before the sale to Barlow in Joseph N. Kowalsky, and that there was nothing of record to apprise intending purchasers that Henry I. Kowalsky had paid any part of the purchase price.   It is not denied that Joseph represented himself to O. B. Kimberlin (who had a contract to buy the property and through whom respondent purchased) that he, Joseph, was the sole owner.  It is not pretended that John W. Barlow ever had personal notice of Henry I. Kowalsky's pretense of interest until long after the deed passed and the money was paid, but appellant's theory of the case rests upon the supposed efficacy of attempted notice to persons and corporations designated by him as "agents" of the purchaser.

It appears clearly from the evidence and the court found that on January 19, 1910, Joseph N. Kowalsky and O. B. Kimberlin entered into an agreement in writing whereby the former promised to sell, and the latter to buy, the property

here in controversy for the sum of $5,472 of which $547.20 was paid at the date of the execution of the contract. This agreement also provided that Kowalsky should place in escrow with the First National Bank of Berkeley a conveyance of the property to Kimberlin or such person as he might designate, to be delivered upon the payment of the balance of the purchase price. On January 29, 1910, upon Kimberlin's request Joseph N. Kowalsky executed and acknowledged such a conveyance, which was deposited with the Anglo-London-Paris National Bank of San Francisco with written instructions to deliver said deed to the First National Bank of Berkeley for surrender to Kimberlin or to such person as he should nominate, on payment of the balance of the purchase price. It was also found that "said written instructions from said defendant Kowalsky directed said San Francisco bank to direct said First National Bank of Berkeley, that if said Kimberlin, or his order, should so request the said First National Bank of Berkeley, said bank should forthwith forward said deed to any bank in Los Angeles that said Kimberlin might designate, with directions that said deed should be held by said bank at Los Angeles, California, to be delivered to said Kimberlin, or order, on payment of said sum of $4,925; and further directed that if said sum of $4,925 was not paid on or before thirty days after January 29, 1910, either at said First National Bank of Berkeley, or at said bank at Los Angeles, said deed should forthwith be returned to be held subject to the order of defendant Kowalsky." The bank at Berkeley received the conveyance, and upon Kimberlin's written order transmitted it to the Los Angeles Abstract & Trust Company, to be delivered by that corporation to Robert Barry, or his order, on payment of $10,560 by February 20, 1910. Barry was Kimberlin's agent, and by his written instructions of January 18, 1910, he authorized the Los Angeles Abstract & Trust Company to deliver the conveyance to Barlow. Prior to February 12, 1910, John W. Barlow had paid all of the sum of $10,560 to the Los Angeles corporation in full compliance with the terms of his agreement to purchase from Kimberlin. On that date Barlow's attorney and agent approved the form of the deed and authorized the abstract company to finish the escrow when the certificate of title was deliverable according to the instructions of Barlow. Subsequently this money was duly remitted to the bank at

Berkeley, and sent to the bank in San Francisco, where Joseph N. Kowalsky received the balance of the purchase price due him from Kimberlin, amounting to $4,925. One-half of this amount he offered to his brother Henry, who declined to accept it, and it was accordingly deposited to Henry's credit.

After the receipt of the conveyance by the Los Angeles corporation the document was sent to the Kern County Abstract Company, and on February 17, 1910, that corporation placed the deed of record and issued to John W. Barlow its certificate showing the title of all of said section 5 vested in him free from all encumbrances.

On the same day, February 17, 1910, Henry I. Kowalsky wired the Los Angeles Abstract & Trust Company as follows:

"San Francisco, February 17–10.

"L. A. Abstract and Trust Company, Los Angeles.

"Please notify John W. Barlow that I own undivided half of Section five township twenty-six south, range twenty-six east, M. D. M. and base, Kern County, California, and decline to sell same.          HENRY I. KOWALSKY."

He also sent registered letters on the same day directed to respondent at Los Angeles, to Kimberlin at Berkeley, and to his brother. The letter directed to respondent, Barlow, was never received by him but was returned unclaimed. On receipt of the telegram a clerk of the abstract company took the matter up with the corporation's counsel and then communicated by telephone with the Kern County Abstract Company, instructing that corporation to hold the escrow until further notice. The Kern County Abstract Company replied by letter that at the time of the receipt of the message the whole matter had been closed up several hours. On the 18th of February, 1910, the Los Angeles corporation mailed to respondent, in care of his attorney in Los Angeles, a copy of the telegram from Henry I. Kowalsky. Barlow himself was absent from the state. On the 22d of February a draft for the entire purchase price was sent to the bank in Berkeley, and on the 23d that corporation acknowledged its receipt.

The court found that Barlow purchased the land in good faith, for a good and valuable consideration, innocently and without any notice in any way of the claims of the plaintiff.

Appellant complains of one of the findings to the effect that Joseph N. Kowalsky was the owner of the property in fee simple absolute down to the time of the delivery of the deed

to Barlow. An examination of the findings reveals that the court was not declaring the *fact* of the grantor's complete ownership of the land but had reference to the state of the record—a matter about which there is no dispute.

That Barlow was an innocent purchaser for value without notice of Henry I. Kowalsky's asserted interest was amply shown by the evidence. Plaintiff's contention was that the Los Angeles Abstract & Trust Company was Barlow's agent, and that notice to that corporation at any time before the actual transmission of the purchase money to Berkeley was sufficient to make the grantee a taker with notice of the equities. The Los Angeles corporation was not an agent clothed with full power to act for Barlow in the matter of determining whether or not H. I. Kowalsky's telegraphic assertion, entirely unsupported by the record, should be investigated before the closing of the matter of transferring the title to Barlow and transmitting the money to the record owner. Its duty was to close the deal upon evidence that the record title was subject to the deed from Joseph N. Kowalsky to John W. Barlow. It was not vested with authority, nor bound by duty to investigate an assertion of ownership depending upon oral proof of a resulting trust. Indeed, Kowalsky did not treat the Los Angeles corporation as an agent. He merely requested it to inform Barlow of his claim of ownership. Nor was Kimberlin an agent of Barlow. The latter was purchasing Kimberlin's interest, evidenced by his contract, but that did not make Kimberlin the agent of Barlow in any sense that would bind Barlow by notice to Kimberlin.

The burden of proof was upon plaintiff to show due and sufficient notice to defendant of matters outside the record title tending to establish any resulting or constructive trust in plaintiff's favor. (*Wyrick* v. *Weck,* 68 Cal. 8, [8 Pac. 522]; *Bell* v. *Pleasant,* 145 Cal. 410–415, [104 Am. St. Rep. 58, 78 Pac. 957].) Plaintiff utterly failed to meet this burden. Section 856 of the Civil Code provides that "No implied or resulting trust can prejudice the rights of a purchaser or encumbrancer of real property for value and without notice of the trust." Appellant's telegram gave no notice of the trust. It was a mere, bald assertion that he *owned* an interest—a claim unsupported by the records and undefined by the claimant. To hold such notice sufficient in form to defeat the transaction between the owner of the rec-

ord title and the innocent purchaser, even if the latter were chargeable with having received it before the sale was consummated, would be to permit the gravest injustice. Notice, in order that it may be effectual, should be precise and complete enough to put the defendant upon his guard. (*Renton v. Monnier*, 77 Cal. 449–455, [19 Pac. 820].)

We conclude, therefore, that the trial court properly decided that Barlow was a purchaser in good faith without notice of the trust in plaintiff's favor.

Other matters argued in the briefs do not demand discussion. The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.