[Civ. No. 6400. Third Appellate District.—October 8, 1940.]

GIORGIO PELLERITO, Plaintiff; REGINA PELLERITO (Substituted Plaintiff), Appellant, v. CATARINA DRAGNA et al., Respondents.

Michael Motta and Kellogg & Matlin for Appellant.

Courtney Lacey for Respondents.

PAULSEN, J., *pro tem.*—The essential facts of this case, as disclosed by the findings, may be stated as follows:

On May 3, 1926, Giorgio Pellerito and his wife, Anni, became the owners, in joint tenancy, of a lot improved with a double dwelling. The property was heavily mortgaged and the Pelleritos were not financially able to pay the full purchase price, satisfy the mortgage and maintain the property without assistance. Such assistance was furnished by their daughter, Catarina Dragna, and in consideration thereof her parents agreed that upon the death of Anni, who was in ill health, Anni's interest in the property should pass to Catarina.

At that time, apparently, none of the parties understood the nature or legal effect of the joint tenancy and in order to carry out the terms of the agreement Anni made a will by which she attempted to devise her interest in the property to Catarina. Anni died July 27, 1931, and Giorgio and his daughter thereupon assumed that Catarina had succeeded to her mother's interest. Giorgio occupied one part of the double dwelling while Catarina and her husband, Joe Dragna, took possession of the other part.

By this time Giorgio was becoming old and it was increasingly difficult for him to support himself and meet his engagements with reference to the property, and Catarina continued to render such aid as was necessary.

About November 21, 1932, Giorgio and Catarina called at a bank for the purpose of transacting some business in connection with the mortgage. The bank officials had occasion to examine the title to the property and after doing so they informed Giorgio and Catarina that the latter had no interest in the property and that upon Anni's death Giorgio had become the sole owner. After this explanation had been made it was decided to take appropriate measures to carry out the terms of the original agreement and Giorgio therefore conveyed the property to Catherine Verga, a clerk in the bank, and she in turn conveyed to Giorgio and Catarina as joint tenants. These conveyances will be referred to hereafter as the joint tenancy deeds.

Shortly after these occurrences Catarina agreed to pay in full a balance of $1450 due on the mortgage, to pay taxes and other maintenance charges, to make certain valuable improvements on the property and to give her father whatever assistance he might require for his support, over and above what he would be able to provide for himself. In consideration of these promises Giorgio agreed not to alienate his interest in the property so that upon his death his daughter would become the sole owner by virtue of the fact that she would then be the surviving joint tenant. This agreement was entirely oral.

On December 17, 1932, Giorgio married the present plaintiff and cross-defendant, Regina Pellerito.

The record further shows that on December 31, 1936, Giorgio instituted the present action against Catarina and her husband to set aside the joint tenancy deeds upon the ground that they had been procured by fraud. Defendants answered, denying the allegations of fraud and setting up the facts leading up to the execution of the deeds as stated above. On January 16, 1937, Giorgio executed a deed by which he attempted to convey the property to Regina. On April 2, 1937, Giorgio died and Regina was substituted as plaintiff in the action. On July 8, 1937, Catarina and her husband filed a cross-complaint by which they sought to set aside the deed from Giorgio to Regina and to quiet their title. The trial

court found that the joint tenancy deeds were not procured by fraud; that Giorgio had fraudulently conveyed his interest in the property and that the deed to appellant should be set aside. Judgment was rendered, declaring Catarina to be the owner in fee of the property. Plaintiff and cross-defendant has appealed from the judgment.

In connection with the issues raised by the complaint and answer thereto evidence was admitted, over the objections of appellant, of the oral agreement of Giorgio, Anni and Catarina leading up to the execution of the joint tenancy deeds, the ground of the objection being that such agreement was within the statute of frauds. There was no error in these rulings. If admitted for the purpose of showing that Giorgio and Catarina had become joint tenants it was harmless because such agreement had been fully executed and the joint tenancy was evidenced by the deeds themselves. Moreover, such evidence was clearly admissible to rebut appellant's evidence of fraud in the procurement of the deeds.

Upon the same ground objection was made to evidence admitted to prove Giorgio's agreement not to alienate his interest.

It has been held in at least one other jurisdiction that an oral agreement restricting the right of the owner of land to alienate it is an agreement affecting one's title to real estate and within the statute of frauds. (27 C. J. 226.) So far as we are advised this exact question has not been decided in this state, but we are of the opinion that the contention of appellant is correct. Section 1624 of the Civil Code provides, among other things, that a contract "for the sale of real property, or of an interest therein" is invalid unless the same is in writing, etc., and it seems obvious that an oral agreement by one joint tenant not to alienate his interest, in order that it may pass, upon his death, to the other joint tenant, is an agreement for the sale of an interest in real estate where, as here, he receives a valuable consideration for such promise. Such an agreement, if valid and binding, would result in diminishing the present interest of one party and to a corresponding degree increasing the present interest of the other. For all practical purposes it is much the same as an agreement by which one promises to execute a deed reserving only a life estate in himself. However, the court found that respondents had fully performed their part

of the oral agreement. We do not understand that appellant seriously questions the correctness of this finding and, indeed, she could not successfully do so, for there is abundant evidence to support it, even evidence of provision made for Giorgio's funeral.

There is adequate evidence to support the finding of the court that the respondents fully performed their part of the agreement. Regardless of whether their performance had the effect of relieving the transaction of the statute of frauds, upon the theory that there was sufficient part performance of an oral contract concerning the disposal of an interest in real property, the performance on the part of respondents which was tendered and accepted pursuant to the promise on the part of Mr. Pellerito was sufficient when accompanied with Mr. Pellerito's subsequent conveyance to Regina, to support an implied finding in this judgment quieting title, to raise a constructive trust for the benefit of respondents. Respondents performed on their part by paying off the mortgage and supplying funds for improvements on the property. In return they received a promise from Pellerito not to convey the remaining joint interest held by himself. This promise if performed would have resulted in respondents acquiring title to the entire property upon the death of Pellerito, as a legal result of the death of one joint tenant. Respondents had the right to rely upon the happening of such an event. Consequently, equity will lend aid to bring about such a result. The conveyance to Regina was a mere gift and does not affect the intervention of equity in the present case as she did not part with consideration. The fact as to whether or not she had knowledge of the supplying of funds by respondents and of the accompanying promise of Pellerito is immaterial. The evidence and circumstances in this case present a sufficient showing to raise a constructive trust for the benefit of respondents. The statute of frauds is not a bar to the introduction of evidence which is admitted for the purpose of disclosing fraud, which in this case constituted the raising of a constructive trust in Regina for the benefit of respondents. Regina should be required to execute a reconveyance to respondents, or her deed should be cancelled.

Finally, appellant contends that the cross-complaint fails to state a cause of action. The facts as shown above, from the acquisition of the property by Giorgio and Anni to

the time of the conveyance to appellant, are alleged in great detail, including the execution of the joint tenancy deeds and the facts connected with the oral agreements. It is then alleged:

"That on or about January 16, 1937, without the consent or knowledge of cross-complainants, or either of them, the said Giorgio Pellerito executed a deed conveying the above described real property unto Regina Pellerito, his wife, which said deed was recorded April 2, 1937, in book 14909, page 24, official records of Los Angeles county. That said Giorgio Pellerito died intestate at the hour of 4:00 o'clock A. M. on April 2, 1937."

The pleading shows on its face that respondents were the holders of the legal title to a half interest in the property, and as to this interest the burden was upon appellant to plead and prove that she was a *bona fide* purchaser. (*Bell* v. *Pleasant,* 145 Cal. 410 [78 Pac. 957, 104 Am. St. Rep. 61] ; *James* v. *James,* 80 Cal. App. 185 [251 Pac. 666].) But as to the other half interest the pleading shows on its face that appellant was the holder of the legal title; that respondents' claim was of an equitable character, and the burden of pleading and proof, as to such interest, rested upon respondents. (*Bell* v. *Pleasant, supra; Kowalsky* v. *Kimberlin,* 173 Cal. 506 [160 Pac. 673] ; *Warnock* v. *Harlow,* 96 Cal. 298 [31 Pac. 166, 31 Am. St. Rep. 209] ; *Wyrick* v. *Weck,* 68 Cal. 8 [8 Pac. 522] ; *Hawke* v. *California Realty etc. Co.,* 28 Cal. App. 377 [152 Pac. 959].)

We are of the opinion, however, that appellant has not been prejudiced by the condition of the pleadings and that there has been no miscarriage of justice on that account or otherwise. Appellant voluntarily produced evidence showing that Giorgio had conveyed to her because "he wanted to give his property to his wife because she had been good to him during his lifetime and that she had become obligated with him to pay a woman $600.00 which he had borrowed". Appellant then destroyed the implication that there might have been a consideration of $600 by introducing the deed which recited that "the actual consideration paid for this deed does not exceed $50.00". This was sufficient to support the implied finding of the court that appellant had taken the property as a gift.

The judgment is modified by adding thereto the following: "The deed from Giorgio Pellerito to Regina Pellerito is vacated and set aside." As so modified the judgment is affirmed, respondents to recover costs.

Tuttle, J., and Thompson, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 7, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1940.