[Civ. No. 12394. First Dist., Div. Two. May 26, 1943.]

CLARENCE L. FERGUSON et al., Appellants, v. CLAR-
ENCE FERGUSON et al., Defendants; LILLIAN OS-
TRANDER et al., Respondents.

J. J. Doyle and Theodore Tamba for Appellants.

F. Eldred Boland and John H. Riordan in pro. per., for Respondents.

DOOLING, J. pro tem.—Plaintiffs appeal from a judgment dismissing their complaint as to defendants Knight, Boland, Riordan, Kilmartin, Radil, Lillian Ostrander and John Harkins, following the sustaining of demurrers interposed by these defendants to their complaint.

The complaint was in two counts. The first count is directed only against certain other defendants, Ferguson, Sloan and White. As to these three defendants it is alleged in the first count that they are heirs of one Emma Eleanor Ferguson White, who died in 1937, and that plaintiffs are likewise heirs of such decedent. It is further alleged that such three defendants, knowing of the existence and whereabouts of the plaintiffs and of their interest in the estate of the decedent, entered into a conspiracy to conceal from the probate court the existence and rights of the plaintiffs, and did by misrepresentation and concealment succeed in having the entire estate of decedent distributed to themselves to the detriment of plaintiffs. We may assume, without deciding, that the allegations of the first count sufficiently state a cause of action against these three defendants based on extrinsic fraud.

The second count, which attempted to state a cause of action against the respondents on this appeal, after incorporating by reference the allegations of count 1, contains the following allegation:

"That defendants by reason of the heretofore mentioned allegations, have gained by accident, mistake and particularly the heretofore pleaded wrongful acts of defendants Clarence Ferguson, Dorothy Lambert Sloan . . . and Pearl Gillehan White . . . property to which plaintiffs are rightfully and legally entitled; that none of the defendants have any, better or some other right thereto and therefore, plaintiffs allege any property received by defendants from said estate is received by said defendants as involuntary trustees of the property gained as and for the benefit of plaintiffs who would otherwise have had it."

The action is one to enforce an involuntary trust. It is not, and cannot be, a collateral attack on the decree of distribution itself. The law of this state on the subject is well summarized in *Estate of Madsen,* 31 Cal.App.2d 240 [87 P.2d 903], at page 243:

"It is well settled that a decree of distribution which has become final is conclusive as to the rights of those interested in the estate. (*Manning* v. *Bank of California,* 216 Cal. 629 [15 P.2d 746]; *Goad* v. *Montgomery,* 119 Cal. 552 [51 P. 681, 63 Am.St.Rep. 145]; *Crew* v. *Pratt,* 119 Cal. 139 [51 P. 38].) In the last named case, it is said: 'The distribution of the estate of a deceased person is a proceeding *in rem,* . . . and the action of the court in making the distribution binds the whole world, and is equally conclusive upon every claimant, whether his claim is presented or whether he fails to appear, subject only to be reversed, set aside, or modified on appeal, and its decree cannot be collaterally attacked for any error committed therein. . . .'

"It is, of course, equally well settled that where, through extrinsic fraud practiced in probate proceedings, distributees have obtained property to which they are not entitled, equity will do justice not by overthrowing the decree of distribution but by declaring that the distributees hold the property in trust for the rightful owners. (*Simonton* v. *Los Angeles Trust & Sav. Bk.,* 192 Cal. 651 [221 P. 368]; *Purinton* v. *Dyson,* 8 Cal.2d 322 [65 P.2d 777, 113 A.L.R. 1230]; *Wingerter* v. *Wingerter,* 71 Cal. 105 [11 P. 853].) In *Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201 [92 P. 184, 187], the court said: 'This character of relief is very common in the matter of fraudulent probate proceedings. The order or decree from the effect of which relief is sought cannot constitute a bar to such equitable action. As has been said, it is solely because of the order or decree, collaterally unassailable and valid on its face, that the equitable jurisdiction is necessary and exists.' "

While the complaint does not allege specifically how the respondents deraigned their title to the property of the estate it does allege that they gained it "by accident, mistake and particularly the heretofore wrongful acts of defendants" Ferguson, Sloan and White. The complaint also alleges a final decree of distribution in the estate of Emma Eleanor Ferguson White, deceased. It is not alleged that respondents

were themselves guilty of any fraud or wrongdoing. It must therefore be spelled out of the complaint that respondents took title under and by virtue of the decree of distribution.

It is clear that if respondents were purchasers for value and without notice, taking their title through the decree of distribution which constitutes a muniment of title immune to collateral attack, they cannot be charged as trustees and they hold the property free from any equity in plaintiffs. (*Newport* v. *Hatton*, 207 Cal. 515, 520 [279 P. 134]; *Garrison* v. *Blanchard*, 127 Cal.App. 616, 622 [16 P.2d 273]; *Marlenee* v. *Brown*, 21 Cal.2d 668, 678 [134 P.2d 770].)

It is nowhere alleged in the complaint that the respondents, or any of them, were not purchasers for value or that they took their title with notice or knowledge of the alleged wrongdoing of their fellow defendants or of any rights of the plaintiffs. Where defendants, who are themselves innocent of any act of wrongdoing, are shown by the pleading to have acquired the legal title to property, it is incumbent upon a plaintiff, seeking to establish a superior equitable title, to plead and prove that the defendants are not innocent purchasers for value. In this respect the rule differs from the case where an innocent purchaser for value seeks to establish a superior equitable right against the holder of the legal title, in which case the burden of pleading and proof is on the one asserting his rights as a bona fide purchaser. The distinction, with cases in support thereof, is clearly stated in *Pellerito* v. *Dragna*, 41 Cal.App.2d 85 [105 P.2d 1011] at page 91:

"The pleading shows on its face that respondents were the holders of the legal title to a half interest in the property, and as to this interest the burden was upon appellant to plead and prove that she was a *bona fide* purchaser. (*Bell* v. *Pleasant*, 145 Cal. 410 [78 P. 957, 104 Am.St.Rep. 61]; *James* v. *James*, 80 Cal.App. 185 [251 P. 666].) But as to the other half interest the pleading shows on its face that appellant was the holder of the legal title; that respondent's claim was of an equitable character, and the burden of pleading and proof, as to such interest, rested upon respondents. (*Bell* v. *Pleasant, supra; Kowalsky* v. *Kimberlin*, 173 Cal. 506 [160 P. 673]; *Warnock* v. *Harlow*, 96 Cal. 298 [31 P. 166, 31 Am. St.Rep. 209]; *Wyrick* v. *Weck*, 68 Cal. 8 [8 P. 522]; *Hawke* v. *California Realty etc. Co.*, 28 Cal.App. 377 [152 P. 959].)"

The rule of pleading, and the distinction between the cases of plaintiffs relying on a legal and an equitable title, is elab-

orately discussed in *Bell* v. *Pleasant, supra.* See also in addition to the cases cited in the quotation from *Pellerito* v. *Dragna, supra; Estate of Lyon,* 163 Cal. 803, 806 [127 P. 75] ; *Isom* v. *Rex Crude Oil Co.,* 147 Cal. 659, 660-661 [82 P. 317] ; *Dimity* v. *Dixon,* 74 Cal.App. 714, 719 [241 P. 905].

■ Appellants seek to avoid the effect of this rule by citing cases which hold that the legal title to the property of an intestate decedent vests in the heirs upon death, subject only to administration. The difficulty with appellants' argument is that the effect of the decree of distribution was to devest such legal title and to vest the legal title by the judicial decree in the distributees named therein. (Prob. Code, sec. 1021; *Eisenmayer* v. *Thompson,* 186 Cal. 538, 541 [199 P. 798] ; *Manning* v. *Bank of California,* 216 Cal. 629, 634 [15 P.2d 746] ; *Crew* v. *Pratt,* 119 Cal. 139, 149-150 [51 P. 38] ; *William Hill Co.* v. *Lawler,* 116 Cal. 359, 361-362 [48 P. 323].)

We are satisfied that the complaint failed to state a cause of action against respondents for the reasons herein discussed.

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 22, 1943.