116 F.3d 1295
 97 Cal. Daily Op. Serv. 4711, 97 Daily Journal
D.A.R. 7790
In re Nerces YEPREMIAN; Elize Yepremian, Debtors.
Estepan KABAYAN, Appellant,
v.
Nerces YEPREMIAN; Elize Yepremian; Sanwa Bank of
California, Appellees.
 No. 96-55039.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided June 20, 1997.
 
 Kevin J. Stack, Knapp, Peterson & Clarke, Glendale, CA, for Appellant.
 John C. Kirkland, Cadwalader, Wickersham & Taft, Richard C. Field, McCutchen, Doyle, Brown & Enersen, LLP, Los Angeles, CA, for Appellees.
 Appeal from the United States District Court for the Central District of California; Richard A. Paez, District Judge, Presiding. D.C. No. CV-94-01454-RAP.
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI,* United States Court of International Trade Judge.
 PER CURIAM:
 
 
 1
 Estepan Kabayan appeals the district court's judgment, affirming the bankruptcy court's summary judgment in favor of Sanwa Bank of California ("Sanwa") in Kabayan's adversary action against Sanwa and debtors Nerces and Elize Yepremian ("the Yepremians"). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 2
 We review de novo a grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Moreover, we independently review the bankruptcy court's decision and do not give deference to the district court. See Robertson v. Peters (In re Weisman), 5 F.3d 417, 419 (9th Cir.1993). In determining whether Sanwa had actual or inquiry notice of Kabayan's interest in the property, we apply California law. See id. at 420; see also Probasco v. Eads (In re Probasco), 839 F.2d 1352, 1354 (9th Cir.1988).
 
 
 3
 The facts of this case are set forth in detail in the district court's published opinion, see Kabayan v. Yepremian, 190 B.R. 389, 391-92 (C.D.Cal.1995). Essentially, Kabayan and Nerces Yepremian entered into a joint venture agreement for the purpose of developing the Yepremians' real property. Kabayan never recorded the joint venture agreement. Kabayan contends that his prior unrecorded interest in the Yepremians' real property had priority over Sanwa's subsequent recorded interest because Sanwa had notice of Kabayan's interest.[1] This contention lacks merit.
 
 
 4
 The party claiming the equitable interest has the burden of proof to show due and sufficient notice of matters outside the record title. See Kowalsky v. Kimberlin, 173 Cal. 506, 160 P. 673, 674 (1916); see also Pellerito v. Dragna, 41 Cal.App.2d 85, 105 P.2d 1011, 1014 (1940). Actual notice may attach if a subsequent encumbrancer is told of the prior interest, hears it discussed, or sees a document referring to the interest. See Beverly Hills Nat'l Bank & Trust Co. v. Seres, 76 Cal.App.2d 255, 172 P.2d 894, 899 (1946); Laughton v. McDonald, 61 Cal.App. 678, 215 P. 707, 708 (1923). A prudent purchaser is charged with knowledge of information that a reasonable inspection of the property would have revealed. See Robertson, 5 F.3d at 420.
 
 
 5
 Here, Kabayan principally relies on the state court deposition testimony of Kris Klinger, the Yepremians' loan officer at Sanwa, and of Nerces and his son, Vatche Yepremian. Kabayan argues that the district court erred by not considering the state court deposition transcripts of Nerces and Vatche Yepremian because the statements were made under oath and, therefore, akin to affidavits and admissible pursuant to Fed.R.Civ.P. 56. Kabayan raises this point for the first time on appeal and therefore the district court could not have considered it. See Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1488 n. 4 (9th Cir.1995).
 
 
 6
 Even if the state court depositions should have been considered by the district court, they create no triable issue as to the existence of notice of any equitable interest Kabayan possessed. Klinger testified that he never saw the joint venture agreement prior to his deposition. Even if Klinger had seen the agreement before, the language in the agreement would not have alerted Klinger of Kabayan's interest because the agreement explicitly stated that Nerces Yepremian retained exclusive fee simple title to the property. The deposition testimony of Nerces and Vatche Yepremian does not strengthen Kabayan's argument, because they never testified that anyone else had an interest in the land or that the joint venture agreement would involve transferring an interest in the land. Under California law, this is not notice "precise and complete enough" to put a reasonable purchaser on his guard. See Kowalsky, 160 P. at 674.
 
 
 7
 Kabayan also sought to admit the deposition testimony of Hagop Yepremian, Nerces's son, and the declaration of Aram Kazazian, the Yepremians' contractor. Because both the deposition and the declaration were taken after the bankruptcy court granted summary judgment for Sanwa, they are not part of the record on appeal and we cannot consider them. See Fed. R. Bankr.P. 8006; see also Credit Alliance Corp. v. Idaho Asphalt Supply, Inc. (In re Blumer), 95 B.R. 143, 147 (9th Cir. BAP 1988).
 
 
 8
 Accordingly, Kabayan cannot establish that any genuine issues of material fact remain as to whether Sanwa had notice of his interest in the property, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986), and the district court did not err by affirming the bankruptcy court's summary judgment for Sanwa, see Bagdadi, 84 F.3d at 1197.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 [1]
 Kabayan asserts that the joint venture agreement created an equitable interest in the property. We need not resolve this issue because we conclude that Sanwa acquired its interest in the property without notice of any interest Kabayan possessed