[No. 12228.    Department Two. — December 19, 1889.]

## BANK OF MENDOCINO, Appellant, *v.* JUDAH BAKER et al., Respondents.

Vendor and Purchaser — Notice to Purchaser — Facts Putting upon Inquiry — Negligence of Purchaser. — An intended purchaser of land, who has knowledge of facts sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, is presumed to have made such inquiry, and to have ascertained the facts, or to have been guilty of such negligence as to prevent his being considered as a *bona fide* purchaser.

Id. — Possession under Unrecorded Deed — Recorded Deed from Stranger to Title — Purchaser Put on Inquiry. — An open and notorious possession of land for many years under an unrecorded deed from the record owner, and a recorded deed from one who apparently never had any connection with or conveyance from the real holder of the title, is sufficient to put a subsequent purchaser from the record owner upon inquiry as to the true nature of the occupant's possession and claim, and as to the existence of a deed to the occupant from the rightful owner; and such purchaser cannot conclude from the record alone that the possession was that of a mere trespasser under a recorded conveyance from one without shadow of title.

Appeal from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. M. Mannon, Bond & Fishback,* and *C. C. Hamilton,* for Appellant.

*J. A. Cooper,* for Respondents.

FOOTE, C. — This is an action in ejectment. A day or two before the trial of the cause, the defendants offered in writing to allow the plaintiff to take judgment for all the land sued for except that described in paragraph 6 of the answer. This seems to have been declined, and the result of the trial was, that the plaintiff obtained judgment for all the land except that set out in said paragraph, and for costs. From that judgment, and an order denying a new trial, the plaintiff has appealed.

Under the facts as found by the court, the plaintiff was defeated in its efforts to recover the land mentioned in the paragraph referred to, because it appeared upon the trial that the title and right of possession to that portion of the land in dispute was in the Garcia and Point Arena Railroad Company, a corporation not a party to the suit, and that the defendants only have possession of it as the agents of that company.

The evidence on which the findings were based, that the title and right of possession so existed, was, in brief, that the railroad company had been for many years in the open and notorious possession of the land, and that a deed in fee-simple had been executed to it about the time that it assumed such possession, in the year 1870, from one Campbell, from whom the plaintiff also claims to derive its title by mesne conveyance.

It further appears that the deed to the railroad company had never been recorded, and was lost.

The plaintiff claimed title by virtue of a sheriff's deed on a foreclosure sale, under a mortgage executed by one Abbott, to whom Campbell had made a deed of the land, long after the deed to the railroad company was executed.

In the brief of its counsel, appellant claims the evidence shows that the plaintiff was a *bona fide* purchaser, without notice of the unrecorded deed from Campbell to the railroad company, and that the findings to the contrary are wrong; and seems to rely mainly upon this point for a reversal of the judgment and order appealed from.

It is said the evidence shows that the possession of the railroad company was initiated under a deed of a mere right of way from two persons, Whitmore and Stevens, to whom there was no deed of record from Campbell; that, having taken possession in such manner and placed such a deed upon record, the railroad company had an apparent possession under that deed, and that such possession, long continuous, open and notorious, as it might be, did not and should not have put the plaintiff, when it came to take a deed to the land, upon inquiry as to the true nature of the possession of the railroad company. In other words, the plaintiff contends that the possession of the railroad company was consistent with the deed from Whitmore and Stevens, although, by the record, they were strangers to the title of Campbell, the common source of title, and that the company cannot be heard to say the plaintiff should have inquired diligently as to whether the company held a deed from Campbell of prior date, although unrecorded, to that made to Abbott, from whom the plaintiff claims.

The real question in the controversy, then, is, whether an open and notorious possession, under the deed of one who apparently never had any connection with or conveyance from the real holder of the title, is such as that an individual desiring to purchase the land from one who by the record seems to be the true owner may safely do so without any further inquiry as to the true nature of the occupant's possession, and may conclude that he has possession of the true owner's land by no other con-

veyance than that of one who has no shadow of title to the premises.

The position of the appellant is to the effect that no inquiry would be necessary; that the purchaser would have a right to assume that the possession was under one who had no title whatever,—was that of a mere trespasser as to the true owner of the land,—and that a purchaser might with safety take a deed from the owner.

The case of *Fair* v. *Stevenot*, 29 Cal. 490, cited by the appellant, does not sustain his contention.

The rule as to the matter is very aptly stated in *Pell* v. *McElroy*, 36 Cal. 277, where the appellate court quotes approvingly from the opinion in the case of *Williamson* v. *Brown*, 15 N. Y. 355, to this effect: "The true doctrine on this subject is, that when a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered as a *bona fide* purchaser."

The fact of open and notorious possession for so many years, as in this case, would certainly be sufficient to put a purchaser upon inquiry as to the existence of a deed. (3 Washburn on Real Property, 5th ed., 337.)

The disclosure by the record of a deed which was made by a stranger to the title would not clear up the doubt to a prudent man desiring to purchase. It would hardly be presumed that a person would have had open and notorious possession of another man's land for years without any disturbance under a deed which amounted to nothing. That kind of possession under such a deed is equivalent to an open and notorious possession without any deed upon record, and inquiry should be made as to whether a deed from the owner existed. Where there is such possession held under no record title, it is

clear from the authorities that the intending purchaser is at least put upon inquiry as to whether the party in possession has a deed from the rightful owner or not. (*Hellman* v. *Levy & Arpin*, 55 Cal. 118, and cases cited; *Patten* v. *Moore*, 32 N. H. 384.)

It was an easy matter to inquire of those in possession, without any record title from Campbell, under what claim they were in open and notorious possession of his land; and the mere fact that the parties in possession had a deed upon record which did not appear to be from any one connected with the title did not absolve the plaintiff from this inquiry.

The possession of the railroad company by its agents, as it seems to us, was consistent with its unrecorded deed from Campbell, and the plaintiff should have inquired of them about the actual claim of title by the railroad from the true owner. The plaintiff had no right to believe that the railroad company was maintaining open, notorious, and long-continued possession of land under a claim of title exclusively derived from one who, by the record, had no title or claim to the land held by the corporation. Fairly considered with reference to the different defenses set up in the answer, we do not think that the defendants' admissions, that they were the successors "in interest" of the railroad company, should be held to preclude the court from finding, from the evidence as presented, that the title was still in the railroad company.

Neither do we perceive that the court committed prejudicial error in its rulings as to the exclusion of evidence of which the plaintiff complains.

The other matters adverted to do not require special attention, and we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.