[Civ. No. 8064. First Appellate District, Division Two.—December 5, 1931.]

THE PRESIDENT AND PRESIDING ELDER OF SOUTHERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS (a Sole Corporation), Appellant, v. ROY I. GOODWIN et al., Respondents.

38

J. E. Light for Appellant.

Weldon J. Bailey and Roland W. Schoettler for Respondents.

STURTEVANT, J.—The plaintiff has appealed from the judgment in favor of the defendants in an action to quiet title. All parties claimed title under instruments executed by a common grantor, Amelia J. Fliedner. On opening its case the plaintiff introduced a deed dated July 5, 1923, and recorded April 26, 1928. Out of order, but by consent, at the same time the defendants introduced a deed dated April 5, 1928, and recorded April 6, 1928. They also introduced a quitclaim deed from Goodwin and Foxe to the defendant Bellefontaine. That deed was dated August 23, 1928. The plaintiff then called S. Donaldson, secretary of the plaintiff corporation. ■ By that witness the plaintiff sought to prove title by adverse possession. The defendants claimed that the plaintiff should be confined to a record title and made their objections accordingly and the objections were sustained All of those rulings were erroneous. (*McCormack* v. *Silsby*, 82 Cal. 72 [22 Pac. 874]; 22 Cal. Jur. 109.) ■ The plaintiff then made an offer to prove that it had been in possession and paid the taxes. The objection of the defendants to that offer was sustained. That ruling was erroneous for the reasons just stated and also because it precluded the plaintiff

from proving one of its material allegations, that it was in possession. If it was in possession on April 5, 1928, the date of defendants' deed, that fact was of special importance in determining the rights of the parties under the facts of this case. (*Bank of Mendocino* v. *Baker*, 82 Cal. 114, 117 [6 L. R. A. 833, 22 Pac. 1037].)

Thereupon the plaintiff rested. The defendants made a motion for a nonsuit. The trial court stated that the deed to the defendants raised the presumption that it was executed for a valuable consideration and intimated that, in the absence of further proof, it would grant the motion. The plaintiff reopened its case and introduced proof that the defendants' deed was given in consideration of the assignment, by Goodwin and Foxe to their grantor, of a certain executory contract to buy and sell certain lots in the Hemet Riverside Walnut Estates. Mr. Goodwin testified: "The contract had a value of $1,250.00 to me." No other evidence of consideration was given. No other evidence was given by either party.

In their answer and in the cross-complaint of the defendant Bellefontaine the defendants pleaded the facts, claiming to be *bona fide* purchasers. The trial court found the facts in their favor. But the burden of proving said facts rested on the defendants. (*Bell* v. *Pleasant*, 145 Cal. 410, 413 [104 Am. St. Rep. 61, 78 Pac. 957].) They did not introduce that proof nor did it come out in the presentation of the plaintiff's case. The findings mentioned are not sustained by the evidence.

As the case must go back for a new trial it becomes necessary to mention again some of the errors that entered into the first trial. That a written instrument presumes a consideration is ordinarily the rule. But when the evidence shows that one has executed a valid deed to real estate, it follows that the grantor has exhausted his rights. And when the same record shows that such grantor attempts to execute another grant to that same real estate it follows that the grant carries nothing. Such second grant, therefore, carries with it, in the face of such facts, no presumption of a consideration. (*Bell* v. *Pleasant*, 145 Cal. 410, 415, 416 [104 Am. St. Rep. 61, 78 Pac. 957].) Again, when for such second grant an executory contract is

given the question is not what was it worth to the owner thereof, but what was the reasonable value thereof.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.