[Civ. No. 831.   Fifth Dist.   Dec. 14, 1967.]

COLMAN HODGE, Plaintiff and Appellant, v. DOROTHY E. HODGE, Defendant and Respondent.

Wilke, Fleury, Sapunor & Hoffelt and Richard H. Hoffelt for Plaintiff and Appellant.

Colley & McGhee, Nathaniel S. Colley and Milton L. McGhee for Defendant and Respondent.

CONLEY, P. J.— ▉ The plaintiff, Colman Hodge, brought an action against his wife, Dorothy E. Hodge, to quiet title to lot 6 and the south 30 feet of lot 7 of Gust Nelson Tract. The defendant claims that the land is held by her and the plaintiff in joint tenancy by reason of a grant deed, which she purportedly executed in the name of Colman Hodge by reason of a power of attorney signed by him and recorded in the official records of Sacramento County. However, the evidence is uncontradicted that she did not execute the deed in the manner required by section 1095 of the Civil Code.

That section reads: "When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."

Mrs. Hodge wrote the name "Colman Hodge," on the deed but did not sign her own name. The written name of her husband was followed by the following words and figures in typewriting prepared in a law office: "Colman Hodge, By Dorothy E. Hodge, Attorney in Fact as Per Power of Attorney Recorded in Book 5018 [5019] at Page 803 Official Records of Sacramento County." Thus, an essential of the execution of the deed required by section 1095 of the Civil Code was omitted.

This vital failure is underlined in the record by the fact that Colman Hodge never authorized his wife to deed the property or any interest therein to Mrs. Hodge; without a legal right to do so, she purported thus to transfer to herself a joint tenancy interest in the land. Obviously, the mere power

to make a joint tenancy deed by one who is a valid attorney in fact is in no sense proof of a right to do so. The record is uncontradicted that Colman Hodge never authorized the tranfer to his wife of any interest in his real property.

Plaintiff and his deceased prior wife, Gladys, acquired the parcels in question in 1952 and 1956 as joint tenants. Gladys died November 6, 1961. The defendant, who was then renting one of plaintiff's houses located on the real property in question, married him less than four months afterwards; she later induced him to execute the general power of attorney by saying that she could more readily secure credit in Sacramento stores for her personal needs if she held such a document.

The complaint to quiet title alleged in paragraph IV in referring to the imperfectly executed deed: "Said deed, although it appears valid on its face, is invalid and void . . . for the following reasons . . . ," but stated that the power of attorney was procured by fraud. While neither party appears from the record to be a paragon of veracity, we approve the court's finding that there was no fraud in connection with the execution of the power of attorney itself. We believe that the power of attorney was doubtless executed by Colman Hodge under marital pressure but not fraudulently. The fraud in the transaction was the later unauthorized attempted execution of the deed by the defendant.

■ We are also of the opinion that the failure to execute the deed in the manner required by law invalidated the transaction. In *Mitchell* v. *Benjamin Franklin Bond & Indem. Corp.*, 13 Cal.App.2d 447, 448 [57 P.2d 185], the sole question was whether a deed in the name of an agent and to which was added "atty in fact for" [principals] was ineffective to convey the principal's title to the property described in the instrument. The court held that the law is well settled that a deed in the name of an attorney in fact, even if to the signature is added the words "atty. for" (a named principal), does not pass the principals' property described in the deed, under section 1095 of the Civil Code.

In *Azevedo* v. *Pimentel*, 127 Cal.App. 299, 304 [15 P.2d 795], the court stated: "Evidently the deed not being 'An instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing' (Civ. Code, § 1091), is not a valid conveyance to the defendant, especially as the attorney-in-fact did not 'subscribe the name of his principal to it and his own name as attorney-in-fact.' (Civ. Code, § 1095.)"

In *Morrison* v. *Bowman,* 29 Cal. 337, 352, it is said: "The deed executed by Stephen Henry Smith to Polhemus was not the deed of Stephen Smith. Stephen Henry Smith signed it with the description 'Attorney in fact of Stephen Smith,' appended to his name. This was not an execution of the deed in the name of his constituent and therefore was not, even if the transaction was honest and fair in its inception, and attempted consummation, effectual to transfer the property therein described. So that notwithstanding this deed, the Blucher Rancho was the property of Stephen Smith and his wife on the day of his death. The added words: 'Attorney in fact of Stephen Smith,' are *descripto* [*sic*] *personae* merely of him who signed the deed. The fact that Stephen Henry Smith was the attorney of the person described in the deed as the grantor, and that he intended to bind his principal thereby, does not obviate the objection. It may be admitted that the attorney intended to bind his principal by the deed executed —but intention alone was not enough. The use of legal means for accomplishing the object were essential and indispensable to effect the transfer of the property."

In *Sunset Mill. & Grain Co.* v. *Anderson,* 39 Cal.2d 773, at page 777 [249 P.2d 24], the court refers to the applicable rule requiring the signing of the principal's name and that of the attorney in fact as the common law rule of conveyancing, which has been made a part of the California code, referring to instruments transferring an estate in real property.

In *Puccetti* v. *Girola,* 20 Cal.2d 574, 577 [128 P.2d 13], the court also cites code section 1095 of the Civil Code and states that a failure to follow the mandate of the section renders a deed void. (See also the following early cases which laid down the same rule from the beginning of the Supreme Court reports: *Fisher* v. *Salmon,* 1 Cal. 413 [54 Am.Dec. 297]; *Echols* v. *Cheney,* 28 Cal. 157; *Morrison* v. *Bowman, supra,* 29 Cal. 337, 352.)

The general rule is thus enunciated in 15 California Jurisprudence, Second Edition, Deeds, section 71, page 470: "The manner of execution of a deed by an attorney in fact for the grantor is prescribed by statute. He must subscribe the name of his principal to the instrument, and then his own as attorney in fact. If the instrument is not executed in this manner, it does not operate as a conveyance by the principal, though it may be sufficient as a memorandum of an agreement to convey the property described."

The respondent in the case maintains that the com-

plaint does not specifically call attention to the improper execution of the deed, but, on the contrary, apparently admits that on the face of the document it was sound. However, the record is complete to the effect that, during the trial of the case, the plaintiff made clear that it was his position that the execution of the document was faulty and ineffective, and the request was even made for leave to amend the pleading to conform with proof. ▮ The defendant sought to establish her claim to the real property through the deed, and she had the burden of proving her title on the basis of the binding execution of that document. (*President & Presiding Elder, etc. Seventh Day Adventists* v. *Goodwin*, 119 Cal.App. 37 [5 P.2d 973].) The findings incorrectly state that on or about May 14, 1965, with the prior knowledge and consent of plaintiff, defendant executed and delivered a deed to said real property, conveying the same to herself and plaintiff as joint tenants. The issue of the questioned execution of the deed was also before the court in connection with (1) the request for specific findings, (2) the motion for a new trial, and (3) at the trial itself in a closing argument before the judge wherein counsel for plaintiff urged that the deed was void. (See *Grover* v. *Tindall*, 242 Cal.App.2d 427, 433-434 [51 Cal.Rptr. 617].)

Counsel for plaintiff Hodge argued before the judge as follows:

"MR. HOFFELT: . . .

"And I call your attention to this, too, that this deed is void on its face. It is not properly subscribed in accordance with the Civil Code which requires that the person signing as the attorney in fact subscribe not only the name of the person for whom she has the power of attorney but also subscribe her own name. There is no such subscription of her own name on that document. Subscription means signing. It is not signed by her, it is signed by her in the name of Mr. Hodge.

"THE COURT: Where is that in your pleadings?

"MR. HOFFELT: I have got an improper conclusion of law, your Honor. We are asking to quiet title to this property and I allege in the complaint that it is valid on its face. Well, that's wrong and I would ask that be amended to conform to proof at this time.

"THE COURT: Wait just a second. Your whole complaint is on the basis of fraud, isn't it?

"MR. HOFFELT: Well, it is a quiet title. We have allegations of fraud. We assert that she claims—

"THE COURT: 'Under a deed which is valid on its face but is void for the following reasons, to-wit,' and then you set forth the fraud; right?

"MR. HOFFELT: Right. The deed is attached to the complaint, incorporated into the complaint, your Honor. And I think my legal conclusion in the complaint is in error. I don't think the deed is valid on its face. I think it is void on its face and is of no force and effect.

"Now affirmatively she is apparently claiming that—she is relying on this deed, apparently, and also relying on some right as community property."

Counsel for defendant then asked for a fifteen-minute recess because his appearance was due in another department, and the court allowed such recess. Thereafter, plaintiff's counsel continued:

"MR. HOFFELT: If the Court please, I was just making a point on the deed. I feel it is void on its face. I feel it wasn't subscribed, and I refer to Civil Code Section 1095. Subscription is defined in Civil Code Section 14, is defined in part as being a 'signature or subscription includes mark, when the person cannot write.' "

The case was submitted and no ruling was made by the trial court on the request to amend to conform to proof.

In *Posz* v. *Burchell,* 209 Cal.App.2d 324, 333 [25 Cal.Rptr. 896], this court stated the general rule applicable amendment of pleadings as follows: "The policy of our law is to allow great liberality in amendment of pleadings prior to trial and even during the trial itself so that questions litigated between parties may be decided on the merits."

Then, in 1963, section 576 of the Code of Civil Procedure was added by the Legislature to provide specifically that "Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading or pretrial conference order."

(See also Witkin, Cal. Procedure, 1965 Supp., Pleading, § 596, p. 535.)

The trial court was remiss in not permitting an amendment to conform with proof.

Furthermore, it should be observed that in a proper case a party may change his theory on appeal if a question of law only is before the court, and if the opposition is not unfairly treated as a consequence. (See *Ward* v. *Taggart,* 51

Cal.2d 736, 742 [336 P.2d 534]; *Burdette* v. *Rollefson Constr. Co.*, 52 Cal.2d 720, 725-726 [344 P.2d 307].)

In the *Burdette* case, *supra,* the court stated that, although ordinarily a party may not deprive his opponent of the opportunity to meet an issue in the trial court by changing his theory on appeal, this rule does not apply when, as in this case, the facts are not disputed, and the party merely raises a new question of law.

In *Grover* v. *Tindall, supra,* 242 Cal.App.2d 427, 434, the court states that "... it is well settled that a change in theory is permitted on appeal when a question of law only is presented by the facts appearing in the record." While the defendant urged in that case that plaintiff had raised an issue for the first time on appeal and that, therefore, it should not be considered, the appellate court pointed out that, while plaintiff's contention did appear to be a change in his theory of recovery from that alleged in his complaint, the reviewing court was entitled to consider it on appeal, since he raised the issue in his memoranda in the *trial court.* ■ Here, it is apparent that the issue was raised at the trial. This question encompasses only a question of law and one which was clearly pointed out in the proceedings before the trial court. The question raised by plaintiff is whether the execution of the deed was valid and, therefore, legal and effective; to justify the deed is the crux of the defendant's case. This court may properly consider whether the deed was void.

■ Respondent further argues that Civil Code section 1095 was complied with because when the law requires a subscription to a document something less than a written signature may suffice, citing *Weiner* v. *Mullaney,* 59 Cal.App.2d 620 [140 P.2d 704], having to do with the Civil Code section 852, and *In re Walker,* 110 Cal. 387 [42 P. 815, 52 Am.St.Rep. 104, 30 L.R.A. 460].

*Weiner* v. *Mullaney, supra,* 59 Cal.App.2d 620, involves a trust. The question in that case was whether initials constituting part of the name of an owner of a royalty were sufficient to come within the requirements of section 852 of the Civil Code, which provides in part that: "No trust in relation to real property is valid unless created or declared:

"1. By a written instrument, subscribed by the Trustee, or by his agent thereto authorized by writing; ..."

The defendant in the *Weiner* case did not deny writing the letters concerned but complained that initials were an insufficient subscription; there the court held that the trustor

merely abbreviated his name and used a combination of letters which were a part of it, and that having been placed at the end of the letters in question, the initials were meant by him to be his signature.

The *Weiner* case is not in point here. There is no doubt but that the defendant intended to execute some kind of document to give herself a joint tenancy interest in the property; but the question here is whether the statute prescribing explicitly the proper method of execution of the deed was in fact followed so that legal title passed. It is obvious that the statute is designed to protect the owner of landed property and to insure the proper method of passing title.

In *In re Walker, supra,* 110 Cal. 387, 396-397, the question was whether an attesting witness had *signed a will,* and the court said that "In construing a statute the duty of the court is simply to ascertain and declare what is in terms or in substance declared therein, not to insert what has been omitted, *or to omit what has been inserted.*" (Code Civ. Proc. § 1858.) The court further laid down the rule that "some other mode of subscription" will not answer the purpose or "subserve the statutory requirement, when in truth it does not." To say that a witness to a will did not have to sign his name would be equivalent to holding that the "requirement of two attesting witnesses is not mandatory and that this will, having been duly attested by one witness, should be admitted to probate." The court held that while "the overthrowing of any will works a hardship on the devisees and legatees . . . the law is no more tender of their claims than it is of the rights of the natural heirs," and that when a will is proved "every exertion of the court is directed to giving effect to the wishes of the testator therein expressed, but in the proving of the instrument *the sole consideration before the court is whether or not the legislative mandates have been complied with.*" (Italics added.)

And so here, the sole consideration must be whether the "legislative mandate" has been complied with. It is obvious that the specific requirements of section 1095 of the Civil Code were not followed; and the deed being void, defendant has no semblance of a right to the property.

The judgment is reversed.

Stone, J., and Gargano, J., concurred.

A petition for a rehearing was denied January 11, 1968.