Merton T. ANDERSON and Karen Anderson, his wife, Curtis J. Anderson and Sharon Anderson, his wife, as heirs at law and successors in interest of George Telford Anderson, a/k/a G.T. Anderson, a/k/a Telford Anderson and Marie J. Anderson, Plaintiffs and Appellants,

v.

Julia ANDERSON, Theodore T. Anderson, James T. Anderson, Ida E. Mathews, Willie H. Anderson, Grant Anderson, Alpha Anderson, Frances Anderson, Karibell Peterson, Guy E. Peterson, Beauford T. Anderson, Phyllis J. Anderson, Wilminia R. Turben, Carl H. Turben, Mary R. McGinley, Michael J. McGinley, Karen J. Mundsack, Raymond E. Mundsack, Barbara A. Mathews, Keith Mathews, Richard C. Mathews, Evelyn Mathews, Nellie I. Huffman, Leroy E. Mathews, Judy F. Mathews, Jeanette M. Mathews, Eddie C. Mathews, Mildred M. Mathews, Kenneth Mathews, Joy M. Mathews, JoAnn Y. Bell and Donald A. Bell, McKenzie County, North Dakota, a public corporation and all other persons unknown having or claiming any estate or interest in or lien or encumbrance upon the real property described in the complaint, Defendants and Appellees,

and

Alpha T. Proulx, Lawrence J. Proulx, Leo O. Anderson, and Barbara A. Anderson, Defendants.

Civ. No. 880205.

Supreme Court of North Dakota.

Feb. 10, 1989.

James L. Taylor (argued), Watford City, for plaintiffs and appellants.

William L. Strate (argued), Watford City, for defendants and appellees.

MESCHKE, Justice.

Plaintiffs appealed from a judgment quieting defendants' title to an undivided

one-fourth of 280 acres in McKenzie County. We reverse and remand.

Kari Anderson patented the 280 acres from the United States in 1916. In 1922, Kari conveyed the 280 acres to her four children, A.T. Anderson, James T. Anderson, Julia Anderson, and Theodore T. Anderson, as tenants in common, each acquiring an undivided one-fourth.

This dispute is only about Julia's undivided one-fourth received from Kari. The plaintiffs are children of James T. Anderson's son, George Teleford Anderson. They have record title to three-fourths of the 280 acres and claim the remaining one-fourth both through adverse possession and through a deed from Julia to James T., dated February 7, 1934, but not recorded until December 14, 1983. The defendants, heirs of Julia's children, Ida Mathews and Willie H. Anderson, claim one-fourth of the 280 acres through a quit-claim deed from Julia to Ida and Willie, dated October 1, 1951, and recorded October 11, 1951.

The plaintiffs and their predecessors in interest have farmed the land since before 1936. They have paid the property taxes and satisfied a mortgage placed on the property by Kari. During this time the defendants have neither been in possession of the land, nor have they received or claimed any profits or rents from it.

The trial court concluded that the plaintiffs failed to establish adverse possession of the one-fourth interest because they and their predecessors had never ousted Julia and her heirs from their rights in the property as co-tenants. The court further concluded that the recorded 1951 deed from Julia to her children, Ida and Willie, had priority over the unrecorded 1934 deed

from Julia to James T. Anderson because, under Section 47–19–41, N.D.C.C., Julia's children were purchasers in good faith and for a valuable consideration. The court quieted defendants' title to one-fourth of the property. Plaintiffs appealed.

We consider the relative priority of the 1934 and 1951 deeds under Section 47–19–41, N.D.C.C., which, in relevant part, says:

"Every conveyance of real estate not recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof, whose conveyance, ... first is deposited with the proper officer for record and subsequently recorded, whether entitled to record or not, ... prior to the recording of such conveyance."

Plaintiffs contended that Ida Mathews and Willie H. Anderson were not good faith purchasers for a valuable consideration in 1951. Defendants responded that Ida and Willie were good faith purchasers for a valuable consideration under Section 47–19–41, N.D.C.C., so that their 1951 deed, recorded in 1951, had priority over the 1934 deed, recorded in 1983. Relying on Sections 9–05–10 and 9–05–11, N.D.C.C.,[1] defendants argued that the 1951 deed was presumptive evidence of consideration and that plaintiffs did not show a want of consideration for that deed.

Although this court has often considered the requirements of notice for a good faith purchase under § 47–19–41, N.D.C.C., e.g., *Williston Co-op. Credit Union v. Fossum*, 427 N.W.2d 804 (N.D.1988); *Ildvedsen v. First State Bank of Bowbells*, 24 N.D. 227, 139 N.W. 105 (1912),[2] the element of valu-

---

1. Section 9–05–10 says:
   "A written instrument is presumptive evidence of a consideration."
   Section 9–05–11 says:
   "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

2. In *Ildvedsen, supra,* this court stated the general rule that possession of the premises by a person other than the seller gives an intended purchaser notice of the possessor's rights. The court recognized an exception to that general

rule, holding that when possession by one other than the seller is consistent with the record title, the possession is presumed to be under the record title and is not notice of any outstanding unrecorded equities. *See also Dixon v. Kaufman*, 79 N.D. 633, 58 N.W.2d 797 (1953); *Agricultural Credit Corp. v. State*, 74 N.D. 71, 20 N.W.2d 78 (1945); *Red River Valley Land & Investment Co. v. Smith*, 7 N.D. 236, 74 N.W. 194 (1898). In *Ildvedsen*, a husband and wife owned their home as tenants in common. Upon their divorce, the husband quit claimed his interest to his wife, who remained in posses-

able consideration has not been directly examined.[3]

Generally, for protection under a recording act as a good faith purchaser for value, the purchase must be for a valuable and not a nominal consideration. 6A Powell on Real Property ¶ 905[2] (1988); 5 Tiffany on Real Property § 1300 et seq. (1939); 8 Thompson on Real Property § 4319 (1963). *See* cases cited in *United States v. Certain Parcels of Land*, 85 F.Supp. 986, 1006 (S.D.Cal.1949) fn. 17.[4] The consideration does not have to be an equivalent value in order to be valuable, but it must be substantial and not merely nominal. 6A Powell, *supra* at ¶ 905[2]; 5 Tiffany, *supra* at § 1301; 8 Thompson, *supra* at § 4319; *United States v. Certain Parcels of Land, supra.* In *Horton v. Kyburz*, 53 Cal.2d 59, 346 P.2d 399, 403 (1959), the court quoted an explanation of the rationale:

> " 'The recording laws were not enacted to protect those whose ignorance of the title is deliberate and intentional, nor does a mere nominal consideration satisfy the requirement that a valuable consideration must be paid. Their purpose is to protect those who honestly believe they are acquiring a good title, and who invest some substantial sum in reliance on that belief.' "

We are not persuaded by the defendants' argument that the 1951 written deed was presumptive evidence of a valuable consideration.

In *United States v. Certain Parcels of Land, supra,* 85 F.Supp. at 1001, the court rejected a similar argument when it quoted with approval from *President and Presiding Elder of Southern California Conference of Seventh Day Adventists v. Goodwin et al.,* 119 Cal.App. 37, 39, 5 P.2d 973, 974 (1931):

> " 'That a written instrument presumes a consideration is ordinarily the rule. But, when the evidence shows that one has executed a valid deed to real estate, it follows that the grantor has exhausted his rights. And, when the same record shows that such grantor attempts to execute another grant to that same real estate, it follows that the grant carries nothing. Such second grant, therefore, carries with it, in the face of such facts, no presumption of a consideration.' "

The recital of a nominal consideration in a deed is insufficient to establish a valuable consideration or to raise a presumption of value for a good faith purchase. *E.g., United States v. Certain Parcels of Land, supra; James v. James,* 80 Cal.App. 185, 251 P. 666 (1926). Moreover, the party claiming to be a good faith purchaser has the burden of proof to establish valuable consideration from evidence other than the deed. 8 Thompson on Real Property § 4316 (1963); *United States v. Cer-*

---

sion but did not record the deed because of unpaid taxes. Later, the First State Bank of Bowbells obtained a judgment against the husband and levied on the property. Applying the exception to the general rule, this court quieted title in the Bank, holding that the wife's possession did not put the Bank on inquiry as to her rights under the unrecorded quit-claim deed.

Although the "continuing viability" of the "consistent with the record title position" has been questioned, *The Unreliable Record Title,* 60 N.D.L.Rev. 203, 217 (1984), we do not address that issue because of our disposition of this case on other grounds.

3. In *Croak v. Witteman,* 73 N.D. 592, 17 N.W.2d 542 (1945), a deed recited $1.00 as consideration. However, the actual consideration for the deed was satisfaction of a $700 antecedent debt and an agreement to settle $800 in delinquent taxes by payment of about $450. Without mentioning the predecessor of Section 47–19–41,

N.D.C.C., this court held that the consideration was valuable. This court further held that the purchasers were in good faith and for a valuable consideration so that they took the property free of an unrecorded trust agreement.

4. The source notes for § 47–19–41, N.D.C.C., say that it was derived from Cal.Civ.Code § 1214, which provided:

> "Every conveyance of real property other than a lease for a term not exceeding one year is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

Cal.Civ.Code § 1214 was considered in *United States v. Certain Parcels of Land, supra.* Although not binding on this court, decisions interpreting a statute from which ours was derived are persuasive in interpreting our statute. *Loken v. Magrum,* 380 N.W.2d 336 (N.D.1986).

*tain Parcels of Land, supra; James v. James, supra.*

In this case, the defendants relied on the abstract of title to establish that Ida and Willie paid Julia "$10.00 & OG & VC" for the 1951 quit-claim deed. The defendants presented no evidence of any actual consideration. *See United States v. Certain Parcels of Land, supra; Horton v. Kyburz, supra; Croak v. Witteman,* 73 N.D. 592, 17 N.W.2d 542 (1945). We conclude, as a matter of law, that the consideration recited in the 1951 quit-claim deed was a nominal consideration and did not constitute a valuable consideration. Ida and Willie were not good faith purchasers for a valuable consideration under Section 47-19-41, N.D.C.C. Therefore, the defendants cannot claim priority over the plaintiffs by virtue of the 1951 deed.[5]

Accordingly, we reverse the judgment and remand for entry of judgment quieting title in the plaintiffs.[6]

ERICKSTAD, C.J., LEVINE, J., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.

VANDE WALLE, Justice, concurring in the result.

I concur in the result reached in the majority opinion, but I am unconvinced by the rationale of the majority's analysis of the term "valuable consideration." However, I would not reach that question for I believe it is obvious that Ida and Willie could not have been good-faith purchasers in 1951, regardless of the consideration. As the majority opinion notes, the plaintiffs and their predecessors in interest farmed the land prior to 1936; they have paid the property taxes and satisfied a mortgage placed on the property by Kari; the defendants have not been in possession nor have

they received any of the rents and profits from the land.

Although I would not abandon the "co-tenant in possession" rule recently affirmed in *Nelson v. Christianson,* 343 N.W.2d 375 (N.D.1984), insofar as adverse possession is concerned, it is inconceivable to me that in 1951 Ida and Willie were under no obligation to inquire why Julia was not in possession and received none of the rents and profits from the land. Their position did not improve. They neglected to ask questions for more than 30 years thereafter even though they received no rents and profits from the land, at least the surface thereof. To rely on the joint-tenancy exception under these circumstances is incredible.

---

5. Defendants cannot claim protection under the Marketable Record Title Act, Ch. 47-19.1, N.D. C.C., because they have not been in possession of the land at any time for twenty years. Section 47-19.1-01, N.D.C.C.

6. Because of our decision about deeded title, we need not address the plaintiffs' claim of adverse possession.